Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiffs*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE NELSON MEIJA CEDILLOS and
OSCAR ITALO GANZHI MAURIZACA,

CASE NO.

Plaintiffs,          **COMPLAINT**

-against-

VEM GROUP CORP.

ECF Case,

Defendant(s).

---

Plaintiffs, JOSE NELSON MEIJA CEDILLOS and OSCAR ITALO GANZHI

MAURIZACA, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and

Imran Ansari, Esq., hereby files this Complaint against Defendant, VEM GROUP CORP. and

states as follows:

## INTRODUCTION

1.      Plaintiffs allege that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs are entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that under the New York Labor Law ("NYLL"), Plaintiffs are entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs, CEDILLOS and MAURIZACA, are adult residents of Queens County, New York.

6.      Upon information and belief, Defendant, VEM GROUP CORP., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 28-55 36th St, Astoria, NY 11103.

7.      At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendant.

8.      At all relevant times, Defendant knowingly and willfully failed to pay Plaintiffs the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

9.      At all relevant times, Defendant knowingly and willfully failed to pay Plaintiffs the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

### Facts relevant to CEDILLOS' claims

10.     In 2009, CEDILLOS began his employment at Crave restaurant, owned by VEM GROUP CORP., as a kitchen staff member.

11.     Upon his recall and recollection, CEDILLOS' regular schedule was six (6) days a week, 5:00 p.m. to 5:00 a.m., Monday, Tuesday, Wednesday, Thursday, Friday, and Saturday, for a total work week of seventy-two (72) hours.

12.     Although he was supposed to have Sundays off, CEDILLOS regularly came in on Sundays from 5:00pm to 2:00 am, making most work weeks a total of eighty-one (81) hours.

13.     Starting in March, due to the COVID-19 Pandemic, CEDILLOS' hours were cut to approximately fifty-two (52) hours.

14.     By way of example, during the week of June 16, 2020, CEDILLOS worked Tuesday from 5:00p.m.to 1:45a.m., Wednesday from 5:00p.m. to 1:45a.m., 5:00p.m. to 1:30a.m., Thursday from 5:00a.m. to 1:30p.m., Friday from 5:00p.m. to 12:00a.m., Saturday from 3:00p.m. to12:00a.m., and Sunday from 5:00p.m. to 1:37a.m. , totaling fifty-two hours and thirty-seven minutes worked.

15.     Defendant only compensated CEDILLOS $540.00 for each week worked, an hourly rate of $10.26 an hour.

## Facts relevant to MAURIZACA's claims

16.    On November 1, 2017, MAURIZACA began his employement at Crave restaurant, owned by VEM GROUP CORP., as a kitchen staff member.

17.    Upon his recall and recollection, MAURIZACA'S regular schedule was 10:00 a.m. to 8:00 p.m., six (6) days a week, Sunday, Monday, Tuesday, Thursday, and Saturday, for a total of sixty (60) hours.

18.    Defendant only compensated MAURIZACA for $360.00 in weekly wages equating to an hourly rate of $6.00.

## Facts Relevant to Both Plaintiffs

19.    The minimum wage rate in the City of New York for the year 2015 was $8.75.

20.    The minimum wage rate in the City of New York for the year 2016 was $9.00.

21.    The minimum wage rate in the City of New York for the year 2017 was $11.00.

22.    The minimum wage rate in the City of New York for the year 2018 was $13.00.

23.    The minimum wage rate in the City of New York for the year 2019 was $15.00.

24.    The minimum wage rate in the City of New York for the year 2020 is $15.00.

25.    Defendant did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

26.    Plaintiffs were not properly compensated wages at the minimum wage rate for all hours worked over forty (40) in a workweek.

27.    Plaintiffs were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

28.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiffs wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

29.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiffs wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

30.     At all relevant times, upon information and belief, and during Plaintiffs' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

31.     Defendant(s) did not provide Plaintiffs with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

32.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiffs worked and to avoid paying the minimum wage rate for all hours worked and overtime wage for all hours worked over forty (40) hours in a workweek.

33.     Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

34.     Plaintiffs have been substantially damaged by the Defendant(s)' wrongful conduct.

### COUNT 1
### [Violation of the Fair Labor Standards Act]

35.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "34" of this Complaint as if fully set forth herein.

36.    At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.    At all relevant times, Defendant(s) employed Plaintiffs within the meaning of the FLSA.

38.    Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

39.    Plaintiffs were entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

40.    Defendant(s) failed to pay Plaintiffs compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

41.    At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiffs for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

42.    Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiffs for all hours worked at the minimum wage rate when Defendant(s) knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiffs.

43.    Plaintiffs were entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

44.    Defendant(s) failed to pay Plaintiffs compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

45.     At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiffs for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

46.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiffs for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such were due and that non-payment of an overtime rate would financially injure Plaintiffs.

47.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

48.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendant(s). Plaintiffs intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49.     Defendant(s) failed to properly disclose or apprise Plaintiffs of the rights under the FLSA.

50.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiffs is entitled to liquidated damages under the FLSA.

51.     Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiffs suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at

the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

52.     Plaintiffs is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT 2**
**[Violation of the New York Labor Laws]**

53.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "52" of this Complaint as if fully set forth herein.

54.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiffs.

55.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiffs for all hours worked.

56.     By failing to compensate Plaintiffs a wage at the minimum wage rate for all hours worked, Defendant(s) violated Plaintiffs' statutory rights under the NYLL.

57.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs for all hours worked over forty (40) hours in a workweek.

58.     By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant(s) violated Plaintiffs' statutory rights under the NYLL.

59.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

60.     Therefore, Defendant(s) knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs compensation at the minimum wage rate for all hours worked and payment for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

61.     Due to the Defendant(s)' NYLL violations, Plaintiffs are entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

62.     Plaintiffs also seek liquidated damages pursuant to NYLL § 663(1).

### COUNT 3
### [Failure to provide a Wage Notice]

63.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

65.     Defendant(s) has/have willfully failed to supply Plaintiffs with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

66.     Through the knowing or intentional failure to provide the Plaintiffs with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

67.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiffs with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

68.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.     Defendant(s) has/have willfully failed to supply Plaintiffs with an accurate wage statement, as required by NYLL, § 195(3).

70.     Through knowingly or intentionally failing to provide the Plaintiffs with a precise wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

71.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiffs with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate due under the FLSA;

(b)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(c)     An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d)     An award of unpaid wages at the minimum wage rate under the NYLL;

(e)     An award of unpaid wages at the overtime wage rate under the NYLL;

(f)     An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the minimum wage rate, failure to pay wages at the overtime

wage rate, failure to provide accurate wage notices, and failure to provide accurate

wage statements pursuant to the NYLL;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with

reasonable attorneys' fees; and,

(i)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       July 20, 2020

Respectfully submitted

By:_____
     Lawrence Spasojevich (LS 0945)

By:_____
     Imran Ansari (IA 1978)